UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY PAUL JOHNSON )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>DAVID WHALEN )<br>)<br>    Defendant. ) | Cause No. 4:04CV01581 JCH |

## **MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Dismiss (Doc. No. 7), filed December 29, 2004. The matter is fully briefed and ready for decision.

## **BACKGROUND**

Plaintiff Jeffrey Paul Johnson ("Johnson") was formerly employed as a Banquet Cook at the Sunset Country Club in Sunset Hills, Missouri ("Sunset CC").

In his Complaint, Johnson alleges that he was harassed, was denied promotion and ultimately fired as a result of seeking the enforcement of union related benefits. (Complaint at ¶9). In October 2003, there was a union meeting at Sunset CC at which David Whalen ("Whalen"), who was employed by the Sunset CC as General Manager at all times relevant hereto, allegedly stated that if the employees did not vote out the union, it would not be held against the employee. (Complaint at ¶11). Johnson claims that after the meeting, an unnamed chef at the Sunset CC said to Plaintiff "you niggers don't [*sic*] have a union so forget it." (Id.). Johnson alleges that he was denied a sous chef

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

job, which was awarded to an unqualified employee. (Id.). Johnson claims to have told the chef in January of 2004 that he "did not want to work on the line every Sunday because by the union it was not [his] job…" . (Id.). Johnson alleges that in February of 2004, he made a similar request to the chef about not working on Sundays to which the chef responded, "Screw the Union." (Id.). Johnson further alleges that on March 25, 2004, the chef fired Johnson, stating that "he was tired of the Union crap." (Id.).

Johnson filed his Complaint on November 16, 2004 (Doc. 1) against defendant Whalen. Johnson alleges that Whalen had discriminated against him in violation of Title VII of The Civil Rights Act of 1964 ("Title VII"). (Complaint at ¶1). Liberally construing Plaintiff's Complaint, Plaintiff may also be alleging a violation of the Age Discrimination in Employment Act ("ADEA").[1] The Complaint alleges that Whalen is an employer within the meaning of 42 U.S.C. §2000e. Johnson prays for a letter of recommendation and such other relief as the court would allow under Title VII. (Complaint at ¶ 13).

## **STANDARD FOR MOTION TO DISMISS**

In a motion to dismiss for failure to state a claim for which relief can be granted under FRCP Rule 12(b)(6), the court must presume all factual allegations in a well pleaded complaint are true and make all inferences in a light most favorable to the non-moving party. Engle v. Barton County Memorial Hospital, 864 F. Supp. 118, 118 (W.D. Mo. 1994) (citing Haynesworth v. Miller, 820 F.2d 1245, 1249 (8th Cir. 1987)). A court

---

[1] In paragraph 10 of the Complaint, Plaintiff asserts that "Defendant's action(s), as stated in paragraph 9, is discriminatory with respect to" race and age. (Complaint at ¶ 10).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

should dismiss a claim "only if it appears to a certainty that no relief could be granted under any set of facts that could be proved." Id. (citing Hishon v. King and Spalding, 467 U.S. 69, 73 (1984).))

## DISCUSSION

Under Title VII and the ADEA, an aggrieved employee is permitted to sue an employer entity for damages arising from illegal supervisory discrimination. Title VII provides that in part that "it shall be unlawful employment practice for an *employer* to discriminate on the basis of race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)). For purposes of determining liability under the two statutes, the ADEA and Title VII, "the allocation of the burden of proof in ADEA cases has been held to be the same as in cases arising under Title VII of the Civil Rights Act of 1964." Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 1348, 1353 (8th Cir. 1993). The statutes are analogous because "Title VII, the ADEA, and the ADA define employer essentially the same way." Wathen v. General Electric Company, 115 F.3d 400, 404 (6th Cir. 1993) (internal citations omitted). Thus, for purposes of this case, the analysis of liability under the two statutes is essentially the same.

Courts in the Eighth Circuit do not extend liability under Title VII to individual employees. "Whatever the law in these jurisdictions may have been at one time, the more recent cases reflect a clear consensus on the issue before us: supervisors and other employees cannot be held liable under Title VII in their individual capacities." Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 381 (8th Cir. 1995). The court further notes that, "[e]very circuit that has considered the issue ultimately has concluded that an

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII." Id. See also Engle (holding hospital administrator not subject to individual liability for purposes of Title VII); Williams v Rothman Furniture Stores, Inc., 862 F. Supp.239, 240-241 (E.D. Mo. 1994) (holding defendant supervisor cannot be considered agent of employer and liable in individual capacity for purposes of Title VII); Stafford v. State, 835 F. Supp. 1136, 1149 (W.D. Mo. 1993) (holding Title VII claim may not be brought against supervisory employee in his/her individual capacity).

In this case, the only named defendant, David Whalen, is an individual employee. Because the Eighth Circuit does not allow a plaintiff to recover against an employee in his or her own individual capacity, defendant's Motion to Dismiss must be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 7) is **GRANTED**, and Johnson's complaint is dismissed with prejudice. An appropriate Order of Dismissal is attached to this Memorandum and Order.

Dated this 2nd day of June, 2005.

                                           /s/ Jean C. Hamilton
                                             UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com